Dohoney, J.
The plaintiff sued the defendant for breach of contract because the defendant refused to pay benefits when the plaintiff was “held-out-of-service.”
From the Reportwe learn that, on April 22,1988, the plaintiffwas the conductor on a train and was injured when the train hit a vehicle on the tracks. The plaintiffs supervisor requested he sign apersonal injury questionnaire and undergo a drug test. Plaintiff refused to do so. 1116 parties agree that the requests were improper. However, the plaintiffs employer dismissed him. After a protest and the lapse of some time, the employer reinstated the plaintiff but without backpay. Plaintiff then sued for the benefits for the time period he was not working.
The plaintiff and the defendant had entered into a contract whereby the plaintiff paid periodic premiums to the defendant and the defendant agreed to pay certain benefits when the plaintiffwas “held-out-of-service.” The defendant declined to pay and asserted two provisions of the contract as justifying its actions.
The first provision is Article XII, Section 4 of the Constitution of the Brotherhood’s Relief and Compensation Fund. It provides
“Member shall not be eligible for any benefits or compensation whatsoever for ‘Held-Out-of-Service’ as hereinafter defined, where such claim is based in whole or in part upon refusal to perform any duty or service for the employer (because of any willful or intentional violation or infraction of any order or orders, rule or rules, regulation or regulations, expressed or implied of his employer, or any violation or infractions of any Federal or State Law, now enforced or hereafter enacted....).”
The second provision is Article XXXII, Section 1-a of the Constitution and provides
“Definitions (Sec. 1-a). The term ‘Held out of Service’ as used in the Constitution, shall include all cases, where an employee of the Motive Power or Transportation Department has been entirely and permanently, or temporarily relieved by his employer from the performance of his said usual duties after formal investigation at which said employee was properly represented by a representative of the local grievance committee or other employee as discipline for an offense or offenses, not however, because of any willful or intentional violation or infraction of order or orders, rule or rules, regulation or regulations, express or implied, of his employer, or of any violation, or infraction of any Federal or State Law, now in force or hereafter enacted.”
Both parties filed Motions for Summary Judgment. The Trial Justice allowed the defendant’s Motion for Summary Judgment
Our first analysis is to determine whether the plaintiff was “held out of service” as defined in the contract so that he would be entitled to benefits. Here it is clear that he was temporarily relieved. However, the definition does not include a situation where hewasrelieved “becauseofany...intentional violation ofany order...” Here the Report states that “Plaintiff did not do as he had been ordered.” Under the circumstances it is clear that this refusal was intentional. Thus the plaintiff has failed to bring himself within the definition of “held-out-of-service” so as to be entitled to benefits.
*34 Plaintiff argues that the order was improper and thus his violation should not disqualify him from benefits. A very similar issue was addressed concerning this same defendant and Article XII, Section 4 of the same contract in Brotherhood’s Relief and Compensation Fund v. Grubbs, 53 Tenn. Ct. App. 697, 386 S.W.2d 526 (1964). In that case Grubbs refused to report to workfor a certain shift and claimed his seniority entitled him to a different shift. The Court stated
“As stated in the Rule case, although the company’s actions may have been unjustified in dismissing Grubbs from its employment, the unjustifiable discharge does not entitle him to a claim under his contract with the Brotherhood. Grubbs’ failure to honor the call to work on the 2:30 job was a willful and intentional act, in violation of Article XII, Sec 4, of the contract and constituted a breach thereof, making him ineligible for the benefits under contract.”
We cite Grubbs simply for the proposition that even though the actions of the worker may be justified, the intentional violation of the order may be sufficient for disqualification.
We do notfeel that Article XII, Section 4 cited in Grubbs and also relied upon by the defendant here would not compel a finding for the defendant in our case because our plaintiff did not fail “to perform any duty or service.” In Grubbs the plaintiff failed to report to work. Even if Grubbs did not fail to perform a “duty” because of the lack of proper order, he clearly failed to perform a “service for the employer.” This would disqualify him for benefits under Article XII, Section 4. However, in our case it does not appear that signing a report or submitting to a drug test is either a “duty” or “service” for the employer.
As harsh as this result sounds, it has a ring of consistency. We would assume that if one is justified in violating the order, the union agreement with the employer would ultimately protect him from any monetary loss, and thus it would not be necessary for him to have benefits. We do recognize that Grochmal did seek redress and was rehired without back pay, but we are unable to learn the reason.
In summary, the intentional violation of any order of the employer, even if justified, disqualifies a workerfromthe definition of being “held out of service" as defined in the contract.
Accordingly, the decision of the Trial Justice is affirmed and the Report is Dismissed.